IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04-cr-213

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>)<br>DERRICK JAMES HORNE (1) )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine triggered by the Fair Sentencing Act of 2010 (Doc. No. 113) and the government's response (Doc. No. 115).

The defendant pled guilty to possessing at least 150 but fewer than 500 grams of cocaine base with intent to distribute. (Doc. No. 60: Judgment at 1; Doc. No. 34: Plea Agreement at 1-2). At the sentencing hearing, the Court adopted the Presentence Report (PSR) without change. (Doc. No. 61: Statement of Reasons (SOR) at 1). Thus, the Court found that the defendant participated in the sale of 291.9 grams of cocaine base. (Doc. No. 83: PSR at ¶ 13). The resulting offense level of 34 was increased by 2 for possessing firearms in the offense and reduced by 3 for accepting responsibility. (Doc. No. 83: PSR at ¶¶ 21, 22, 28). Combined with a criminal history category of III, the resulting advisory guideline range was 168-210 months. (Doc. No. 61: SOR at 1). The Court sentenced the defendant to 168 months' imprisonment, the low end of the range.[1] (Doc. No. 60: Judgment at 1).

---

[1] The Fourth Circuit affirmed the sentence on appeal. (Doc. No. 86: Opinion).

The defendant moved to reduce his sentence based on 2007 retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 91). The Court granted the motion and reduced the defendant's sentence to the low end of the amended guideline range of 135-168 months. (Doc. No. 97: Order).

The defendant now moves for a further reduction under the 2011 amendments, claiming he is eligible for immediate release. (Doc. No. 113: Motion at 1). However, the defendant's argument is premised on a total offense level of 29 (Id.), which would result from a drug quantity between 196 and 280 grams of cocaine base, when the other adjustments are applied. USSG §2D1.1(c)(5). The defendant's actual drug quantity of 291.9 grams corresponds to a base offense level of 32, USSG §2D1.1(c)(4), and a total offense level of 31, the same as under the 2007 amendments (Doc. No. 97: Order at 2). Accordingly, the defendant's guideline range has not been altered by the 2011 amendments; therefore, he is not entitled to a sentence reduction. USSG §1B1.10(a)(2)(B).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: March 12, 2012

Robert J. Conrad, Jr.
Chief United States District Judge